IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ALEXANDER T. SMITH,

    Plaintiff,

v.                                       CIVIL ACTION NO.: CV614-084

WARDEN TATUM and GEORGIA
DEPARTMENT OF CORRECTIONS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently housed at Rogers State Prison in Reidsville, Georgia, filed an action contesting certain conditions of his confinement pursuant to 42 U.S.C. § 1983 (2014). A prisoner proceeding against employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, 1915A (2014). In determining compliance, the undersigned is guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

Section 1915A requires a district court to screen a prisoner's complaint for cognizable claims before, or as soon as possible after, docketing. 28 U.S.C § 1915A(a). The court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune. Id. § 1915A(b).

Section 1915, which governs a prisoner's payment of filing fees, states that a court must dismiss an action that "fails to state a claim on which relief may be granted." Id. § 1915(e)(2)(B)(ii). In Mitchell v. Farcass, the Eleventh Circuit Court of Appeals interpreted the language in section 1915(e)(2)(B)(ii). 112 F.3d 1483, 1490 (11th Cir. 1997). Noting that this language closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for deciding whether to dismiss under that rule for failure to state a claim apply equally in evaluating prisoner complaints filed pursuant to section 1915(e)(2)(B)(ii). Id. While the court in Mitchell interpreted section 1915, its interpretation guides this Court in applying the nearly identical language of the screening provisions in section 1915A.

Plaintiff complains of certain conditions while Defendant Tatum, the Warden ("the Warden"), placed Plaintiff's unit on lockdown from July 17, 2014, through July 25, 2014. (Doc. 1, p. 5). Plaintiff contends that the Warden denied the prisoners "the right to take showers" and the right to "adequate meals." (Id.). Plaintiff also maintains that the Warden "jeopardiz[ed his] life" because "none of [the lockdown rooms] ha[d] panic buttons inside to get the officers['] assistance [ ]or attention if needed." (Id.). Plaintiff's final assertion states that "the OIC's [sic] do not [conduct] their routine security checks." (Id.). While confirming that he filed a grievance regarding the alleged conditions, Plaintiff reports that he chose not to appeal the resulting adverse decision because "the [W]arden would have denied it again due [to the fact] that the complaint is against him." (Id. at pp. 3–4).

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not provide

2

detailed factual allegations, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (1937) (citations omitted) (internal quotation marks omitted). To state a claim for relief under section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff cannot sustain a lawsuit against the Georgia Department of Corrections or the Warden in his official capacity as a "person" under section 1983. A lawsuit against a state agency or a state officer in his official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67, 71 (1989) (finding that section 1983 does not abrogate well-established immunities under the Eleventh Amendment). Because the State of Georgia would be the real party in interest in a suit against the Georgia Department of Corrections or the Warden in his official capacity, the Eleventh Amendment immunizes these actors from suit. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).

To the extent that Plaintiff names the Warden in his individual capacity, Plaintiff appears to seek relief under the Eighth Amendment's proscription against cruel and unusual punishment. See U.S. Const. amend. VIII. The Eighth Amendment imposes upon prison officials a constitutional duty to take reasonable measures to guarantee the safety and health of prisoners, including maintaining "humane conditions of confinement" by providing "adequate food, clothing, shelter, and medical care." Farmer

AO 72A
(Rev. 8/82)

v. Brennan, 511 U.S. 825, 832–33 (1994). "To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation." Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell v. Toombs Cnty., 400 F.3d 1313, 1319 (11th Cir. 2005)). As to the "substantial risk" element, a plaintiff "seeking to show unconstitutional conditions of confinement must clear a 'high bar' by demonstrating '*extreme* deprivations.'" Ellis v. Pierce Cnty., 415 F. App'x 215, 217 (11th Cir. 2011) (quoting Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004)). Extreme deprivations include conditions constituting "the wanton and unnecessary infliction of pain" or creating a risk of "serious damage to [the prisoner's] future health or safety." Id. (citations omitted) (internal quotation marks omitted).

Plaintiff makes no showing that the conditions of his confinement violated the Eighth Amendment. For example, Plaintiff alleges that the Warden denied him "the right to take showers" for eight consecutive days. (Doc. 1, p. 5). While possibly unpleasant, Plaintiff's inability to take a shower did not amount to such an extreme deprivation as to unnecessarily inflict pain or threaten his future health. See Ellis, 415 F. App'x at 218 (finding no constitutional violation where a pretrial detainee was denied the opportunity to shower for several two-week periods).

Plaintiff further contends that the Warden denied him the right to "adequate meals" and "jeopardiz[ed his] life" by placing him in a room that had no panic button. (Doc. 1, p. 5). While it is true that prison officials must provide adequate food and ensure safety, Plaintiff's wholly conclusory statements fail to plausibly show that

4

Defendant acted with deliberate indifference to these concerns. See Ashcroft, 556 U.S. at 678 (explaining that the plausibility standard requires pleading "factual content" rather than mere "labels and conclusions" (citations omitted) (internal quotation marks omitted)). The Court recognizes that pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hollins v. Samuals, 540 F. App'x 937, 938 (11th Cir. 2013). Even with a liberal construction, however, Plaintiff's Complaint is devoid of any further factual content—articulating the nature of the meals or the perceived threat to his safety—that would nudge his claims "across the line from conceivable to plausible." See Bell Atl. Corp. v. Tombly, 550 U.S. 544, 570 (2007); see also Wynn v. Fulton Cnty. Sheriffs Office, No. 1:12-CV-239, 2012 WL 1454141, at *2 (N.D. Ga. Mar. 15, 2012) ("Plaintiff's conclusory allegations of unspecified harm from . . . inadequate meals also fail to plausibly allege deliberate indifference, as required to state a claim under § 1983.").

In his final allegation, it seems that Plaintiff wishes to hold the Warden liable based on his supervisory position for the prison officials' failure to complete "their routine security checks that the state [and f]ederal officials require." (Doc. 1, p. 5). In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Id. at 802 (quoting Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Nothing in Plaintiff's Complaint suggests that the Warden personally

5

participated in, or engaged in conduct that caused, the alleged failure to conduct security checks. Even assuming, arguendo, that Plaintiff's Complaint were to make this basic showing of supervisor liability, Plaintiff does not establish that the prison officials' failure to conduct security checks resulted in any constitutional violation. See Stallworth v. Huffman, No. 07-0439-KD-B, 2008 WL 2858591, at *15 (M.D. Ala. July 22, 2008) (citing Cagle v. Sutherland, 334 F.3d 980, 986–87 (11th Cir. 2003), for the proposition that a policy violation by itself is insufficient to show that a defendant acted with deliberate indifference). In sum, because Plaintiff does not sufficiently allege that any Eighth Amendment violation occurred, Plaintiff fails to state a section 1983 claim for relief that is plausible on its face.

As an additional or alternative basis for dismissing Plaintiff's claims, Plaintiff failed to exhaust his administrative remedies prior to filing this cause of action. "No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper exhaustion requires that a prisoner "us[e] all steps" in the administrative process and comply "with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90–91 (2006). Futility does not excuse the mandatory exhaustion requirement. Alexander v. Hawk, 159 F.3d 1321, 1325–26 (11th Cir. 1998). Because Plaintiff chose not to appeal the denial of his grievance on the basis that "the [W]arden would have denied it again" (Doc. 1, p. 4), Plaintiff's failure to exhaust the available administrative remedies precludes his ability to pursue an action in this Court. See Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008) (upholding a district court's dismissal

AO 72A
(Rev. 8/82)

where the prisoner plaintiff stated in his complaint that he did not pursue his administrative remedies).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of October, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)